[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Richard Watters, appeals from the trial court's order adjudicating him a sexual predator at a sexual-offender classification hearing. In four assignments of error, he argues that (1) R.C. 2950.09 violates the Ex Post Facto Clause of the United States Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution; (2) R.C. 2950.09 violates the Double Jeopardy Clause of the United States Constitution; (3) R.C. 2950.09 is unconstitutionally vague; and (4) the trial court's judgment adjudicating him a sexual predator is against the manifest weight of the evidence. We disagree and thus affirm.
On November 21, 1977, Watters pleaded guilty to one count of felonious sexual penetration in violation of R.C. 2907.12. He had covered the mouth of a ten-year-old girl, carried her to a wooded area, pulled off her pants, and inserted his finger and a rock into her vagina. He had then performed oral sex on her while forcing an eight-year-old boy to watch.
Watters was sentenced to an indefinite term of four to twenty-five years in the Ohio State Reformatory. The sentencing judge, however, found that Watters was a mentally retarded offender, suspended the sentence, and committed him to the Department of Mental Health and Mental Retardation. On January 17, 1980, he was returned to the reformatory. In July 1983 he was paroled.
Subsequently, Watters was incarcerated, and his parole revoked, as the result of his conviction on July 9, 1984, for two counts of rape, one count of gross sexual imposition, and the accompanying specifications, all involving a thirteen-year-old girl. However, this court reversed the conviction, and in March 1986 Watters was acquitted on retrial. On June 20, 1986, Watters was again paroled.
Five weeks after his release, Watters was arrested and charged with aggravated menacing and criminal trespass because he had followed a nine-year-old girl on his bicycle and threatened to rape her. On August 1, 1986, he was convicted of both charges and confined for the next twelve and one-half years at Orient Correctional Institution.
In September 2001, pursuant to R.C. Chapter 2950, authorities at the Orient Correctional Institution recommended that a sex-offender-classification hearing be held for Watters, and that he be classified as a "sexual predator" subject to the registration and notification provisions of R.C. Chapter 2950.
We overrule Watters's first assignment of error on the authority ofState v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122. We overrule his second and third assignments of error on the authority of State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342.
Furthermore, we overrule Watters's fourth assignment of error. As the trial court did not originally hear the case that resulted in Watters's conviction for felonious sexual penetration, the court ordered him to be examined by its psychiatric clinic. At the sex-offender-classification hearing, the state offered into evidence the indictment and the orders related to Watters's prior conviction for felonious sexual penetration. The state also offered six exhibits, among which were the parole-board information sheet; a psychological evaluation and clinical-risk assessment from the Department of Rehabilitation and Corrections; Watters's prior criminal record; and the nine-page report of the court clinic's evaluation, dated November 1, 2001, which was conducted by Dr. Gail Hellmann, M.D., a staff psychiatrist.
In designating Watters to be a sexual predator, the trial court, acting in compliance with the Eppinger model for sex-offender-classification hearings, discussed on the record the particular evidence and the statutory factors in R.C. 2950.09(B)(2) upon which it had relied in making its determination regarding the likelihood of recidivism. Statev. Eppinger (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881, 888-889. The trial court considered (1) Watters's age; (2) the ages of the ten-, thirteen-, and nine-year-old victims; (3) the cruelty displayed during the felonious sexual penetration of the ten-year-old when he forced an eight-year-old boy to watch; (4) Watters's criminal record, including two juvenile adjudications for assault; (5) his mental retardation; and (6) the clinical reports and psychological evaluations diagnosing him as a pedophile.
In support of its findings, the trial court noted the clinical-risk-assessment report of the Department of Rehabilitation and Corrections, dated July 23, 2001, stating that Watters had "displayed a pattern of moderate to high risk behavior associated with re-offending." The court also noted that Dr. Hellmann had concluded in her evaluation that "[Watters] has a longstanding history of pedophilia, attraction to prepubescent girls, with multiple criminal arrests for such."
Watters offered evidence at the hearing that he had earned an associate's degree from Hocking College while incarcerated; had worked as a porter and, after graduation, as an aide to a college chef; had completed sex-evaluation and stress-management programs; and had obtained an institutional-adjustment rating of above average. Nevertheless, we hold that there is clear and convincing evidence in the record to support the trial court's finding that Watters is likely to commit a sexually-oriented offense in the future.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J. Gorman, and Winkler, JJ.